UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

:

MediaCap Partners, LLC,                                           :

                                                                 :

                              Plaintiff,                         :

                                                                 :

              -v-                                                :

                                                                 :

Screenvision Direct, Inc.,                                       :

                                                                 :

                              Defendant.                         :

                                                                 :

-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/04/2026

25-cv-7129 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant has submitted a motion to stay discovery pending resolution of its motion to dismiss.  Dkt. No. 34.  Plaintiff opposes the motion.  Dkt. No. 35.  Upon a showing of "good cause," the court may grant a motion to stay discovery pending decision on a motion to dismiss. *See* Fed. R. Civ. P. 16(b)(4) (a discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)–(d); *see also Ass'n Fe y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.").  "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

On the first factor, on February 24, 2026, MediaCap served 44 document requests, 14 interrogatories, 25 requests for admission, and a Rule 30(b)(6) notice for corporate deposition testimony on twelve topics.  Dkt. No. 34-1.  To the extent the motion to dismiss does not result

in the dismissal of all counts, it may nevertheless serve to narrow the issues that will remain, thereby streamlining future discovery.  On the second factor, the Complaint concerns anticipatory repudiation of contractual obligations and seeks damages.  "There is no allegation of any continuing conduct, or the threat of continuing conduct, directed to Plaintiff."  *Camara v. Alltran Financial LLP*, 2021 WL 8531660, at *2 (S.D.N.Y. Sept. 22, 2021).  On the third factor, and without prejudging the ultimate outcome, Defendant's motion appears strong—on the face of the contract between the parties, MediaCap was required to undertake joint efforts to make sales, and payments were to follow those sales.  Dkt. No. 18-1 at 5.

The motion to stay discovery pending resolution of the motion to dismiss is GRANTED.  Should the motion be denied, within 30 days of the denial, the parties shall submit a proposed schedule for completing discovery.  The Clerk of Court is respectfully requested to close Dkt. No. 34.

SO ORDERED.

Dated: March 3, 2026
　　　　New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2